UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ESTATE OF BERNICE BAIN,

        Plaintiff,

v.                                                     Case No. 18-C-311

TRANSAMERICA LIFE INSURANCE COMPANY,

        Defendant.

## ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS

Plaintiff, the Estate of Bernice Bain, initiated this action against Transamerica Life Insurance Company, alleging breach of contract, bad faith, misrepresentation, and entitlement to punitive damages arising out of Transamerica's denial of a claim for benefits under an insurance contract. The court previously entered an order identifying deficiencies in the complaint's pleading of jurisdiction and directing the Estate to file an amended complaint establishing the basis for federal jurisdiction. ECF No. 26. Although the Estate did not timely file an amended complaint, Transamerica has filed a response regarding the citizenship of the parties. ECF No. 27. With regard to Bernice Bain, Transamerica has submitted several documents indicating that she was a resident of Wisconsin, and it represents that her death certificate identifies De Pere, Wisconsin, as her place of residence. ECF No. 27-1. Bain's Estate is therefore a citizen of Wisconsin. 28 U.S.C. § 1332(c)(2). As for Transamerica, it represents that it is an Iowa corporation with it principal place of business in Cedar Rapids, Iowa. ECF No. 27-2. Because the Estate is a citizen of Wisconsin, Transamerica is a citizen of Iowa, and the Estate seeks not only $22,000 in compensatory damages

but also attorney's fees and punitive damages in an amount exceeding $75,000, the court finds that it has jurisdiction pursuant to 28 U.S.C. § 1332.

With jurisdiction established, the court will proceed to address Transamerica's pending motion to dismiss Count II (Bad Faith), Count III (Misrepresentation), and Count IV (Punitive Damages) of the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 13. For the reasons set forth below, Transamerica's motion will be granted-in-part and denied-in-part. The Estate's claim for misrepresentation will be dismissed, and discovery regarding the bad faith claim and entitlement to punitive damages will be stayed pending resolution of the breach of contract claim.

## BACKGROUND

The following facts are taken from the Estate's complaint, as well as the copy of the insurance policy and denial letter attached to Transamerica's motion to dismiss. Federal Rule of Civil Procedure 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Seventh Circuit precedent, however, provides that "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are *central* to his claim," although "this is a narrow exception aimed at cases interpreting, for example, a contract." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) (quoting *Wright v. Assoc. Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). Because both the insurance policy and the denial letter submitted by Transamerica in support of its motion to dismiss are referred to in the complaint and central to the Estate's claim, the court will not convert this motion into one for summary judgment.

In September 1999, Bernice Bain purchased an insurance policy from Bankers United Life Assurance Company, which later merged with another insurance company that itself ultimately merged with Transamerica. ECF No. 1 ¶ 3; ECF No. 14-1 at 2, 6. The Estate characterizes the policy generally as a "long term care policy," whereas Transamerica describes it as a "Nursing Home Care Insurance Policy." ECF No. 15 ¶ 3. Bain paid all premiums due under the policy. ECF No. 1 ¶ 4.

Prior to June 29, 2017, Bain submitted a claim for long-term care benefits under the policy to cover her expenses during her stay at the Angels Touch Assisted Living facility. *Id.* ¶ 5. Transamerica denied the claim in a letter on June 29, 2017. *Id.* ¶ 7; *see also* ECF No. 14-2. The letter explained that Angels Touch did not satisfy the definition of Nursing Home in the policy, which therefore did not provide benefits for the stay. ECF No. 14-2 at 2–3. The policy contained the following grant of coverage: "We will pay the actual charges incurred for each day You are confined in a Nursing Home . . . ." ECF No. 14-1 at 29. It also expressly defined "Nursing Home" as follows:

> A facility, or that part of a facility, which:
>
> (1) is licensed by the state as a nursing home or an Alzheimer's Disease facility; and
>
> (2) is engaged in providing, in addition to room and board accommodations, nursing care and related services on a continuing inpatient basis; and
>
> (3) provides, on a formal prearranged basis, a Nurse who is on duty or on call at all times; and
>
> (4) has a planned program of policies and procedures developed with the advice of, and periodically reviewed by, at least one Physician; and
>
> (5) maintains a clinical record of each patient.

> A Nursing Home may be either a freestanding facility or a distinct part of a facility such as a ward, wing, unit, or swing-bed of a hospital or other institution. If the facility complex to which You are confined consists of wards, wings, floors, units, or swing-beds the area of the facility in which You are confined must be licensed as a Nursing Home and Your assigned bed must be included as a part of such license.
>
> The term "Nursing Home" does not include, for example: (1) a hospital; (2) a place which is primarily for treatment of mental or nervous disorders (except Alzheimer's Disease), drug addiction, or alcoholism; (3) a home for the aged; (4) a rest home, community living center, or a place that provides domestic, resident, retirement or educational care; (5) assisted living facilities; (6) personal care homes; (7) residential care facilities; (8) adult foster care facilities; (9) congregate care facilities; (10) family and group assisted living facilities; (11) personal care boarding homes; (12) domiciliary care homes; or (13) similar facilities.

ECF No. 14-1 at 17–18. Bain died on November 4, 2017. ECF No. 1 ¶ 8.

## LEGAL STANDARD

When considering a motion to dismiss, the court construes the allegations in the complaint in the light most favorable to the plaintiff, accepts all well-pleaded facts as true, and draws all inferences in favor of the non-moving party. *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011). To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [it] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and its statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers merely "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

4

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[T]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Transamerica seeks dismissal of the second, third, and fourth claims in the Estate's complaint, which allege, respectively, bad faith, misrepresentation, and the right to punitive damages. Considering first the bad faith claim, to survive a motion to dismiss, the Estate must allege: "(1) 'the absence of a reasonable basis for denying benefits of the policy,' and (2) 'the defendant's knowledge or reckless disregard for the lack of a reasonable basis for denying the claim.'" *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 595 (7th Cir. 2012) (quoting *Anderson v. Cont'l Ins. Co.*, 85 Wis. 2d 675, 271 N.W.2d 368, 376 (1978)). The complaint alleges that Transamerica denied Bain's benefits claim without conducting a reasonable investigation, which the Estate alleges would have uncovered evidence that Angels Touch was a long term care facility covered under the policy. ECF No. 1 ¶¶ 16–17. The complaint further alleges that Transamerica not only failed to perform an adequate investigation but also failed to use a reasonable decision-making process when denying the claim, and that it interpreted and applied the policy in a capricious manner as part of a deliberate effort to deny benefits. *Id.* ¶ 18.

5

Although the Estate's allegations are somewhat conclusory, the court finds that they are sufficient to state a claim for bad faith. The denial letter submitted by Transamerica states that a "license copy [it] received indicates that Angels Touch operates under a Community-Based Residential Facility license . . . serving Advanced Aged and Irreversible Dementia/Alzheimers client groups." ECF No. 14-2 at 3. Yet the policy's definition of "Nursing Home" suggests that coverage could be available for a facility "licensed by the state as . . . an Alzheimer's Disease facility." ECF No. 14-1 at 17. On its face, a home licensed to serve "Alzheimers client groups" seems to qualify as "an Alzheimer's Disease facility" under the policy. Considering this facial alignment between the policy language and the license in conjunction with the allegation that Transamerica failed to conduct a reasonable investigation, at a minimum the complaint asserts that Transamerica lacked a basis for denying the claim. At least at the pleading stage, the court is unable to say that the claim fails as a matter of law.

Wisconsin law, however, provides that a party cannot pursue a bad faith claim unless an insurer is first shown to have breached its obligations under the insurance policy. *Dahmen v. Am. Fam. Mut. Ins. Co.*, 2001 WI App 198, ¶ 12, 247 Wis. 2d 541, 635 N.W.2d 1 (citing *Anderson*, 85 Wis. 2d 675, 271 N.W.2d 368). Under Federal Rule of Civil Procedure 42(b), a court may bifurcate separate claims in a case "[f]or convenience, to avoid prejudice, or to expedite and economize." Such "[b]ifurcation is appropriate when it: (1) avoids prejudice to a party or serves the interests of judicial economy; (2) does not unfairly prejudice the non-moving party; and (3) does not violate the Seventh Amendment." *Ratajczak v. Beazley Solns. Ltd.*, No. 13-C-45, 2014 WL 3057158, at *4 (E.D. Wis. July 7, 2014) (citing *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999)). The court will therefore order discovery and litigation on the bad faith claim stayed

pending resolution of the underlying breach of contract claim. Doing so will serve the interest of judicial economy by focusing this case on a potentially dispositive underlying issue, and a brief delay in resolution of the bad faith claim will not prejudice either party.

Transamerica next argues that the Estate's count for misrepresentation also fails to state a claim for relief. The Estate alleges that Transamerica "specifically represented to Ms. Bain that long term care coverage would be provided in the event that Ms. Bain required such care." ECF No. 1 ¶ 21. The complaint goes on to allege that Transamerica "withheld material information and facts, which a consumer would need to know and understand as a purchaser of a long term care policy," adding that Transamerica allegedly made various other false, deceptive, and misleading representations in the policy language and the promotional materials for the policy. *Id.* ¶¶ 23–24. As a result, the Estate alleges that Transamerica is liable for damages and attorney's fees because it breached its obligations under Wis. Stat. § 100.18. But that statute cannot apply because, although it addresses deceptive practices in advertising, subsection (12) specifically states that "[t]his section does not apply to the insurance business." Wis. Stat. § 100.18(12). With that statutory avenue for relief unavailable, the Estate must proceed on a common law misrepresentation theory, for which it must allege (1) that Transamerica made a representation of fact to Bain; (2) the representation in fact was untrue; and (3) Bain believed that representation to be true and relied on it to her detriment. *Kailin v. Armstrong*, 2002 WI App 70, ¶ 40 n.23, 252 Wis. 2d 676, 643 N.W.2d 132 (citing *Ollerman v. O'Rourke Co.*, 94 Wis. 2d 17, 25, 288 N.W.2d 95 (1980)).

The misrepresentation claim lacks the specific, plausible factual allegations necessary to survive a motion to dismiss. Federal Rule of Civil Procedure 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.

7

Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The most concrete allegation of fact in the complaint is the Estate's claim quoted above that Transamerica "represented to Ms. Bain that long term care coverage would be provided in the event that Ms. Bain required such care." ECF No. 1 ¶ 21. Critically, however, Transamerica is the successor to the insurance company that originally issued the policy to Bain. Since Transamerica thus had no interaction with Bain at the time she obtained the policy, it would have been impossible for Transamerica, as the only defendant in this case, to have made any representations to her regarding the policy's substance. Consequently, this conclusory allegation provides Transamerica with no specific factual information regarding the circumstances that allegedly constituted a misrepresentation of fact. Other aspects of the allegations, moreover, provide no greater notice to Transamerica regarding the actions that allegedly constituted misrepresentation. For example, the Estate alleges that Transamerica used "key terms and language that contradict[ed] promotional materials and commonly accepted expectations of long term care policies." *Id.* ¶ 24. Yet that allegation provides no information about what statements in the promotional materials was inconsistent with particular policy language. Absent more concrete allegations regarding the representations of fact to Bain that were allegedly untrue, the Estate's misrepresentation claim will be dismissed.

Finally, Transamerica seeks dismissal of the Estate's claim for punitive damages. The complaint alleges that Transamerica's conduct was outrageous and reflected an intentional disregard of Bain's rights under the insurance contract. But the Estate errs by pleading punitive damages as a separate cause of action, as it is well established in Wisconsin that punitive damages are a remedy, not the basis for a freestanding cause of action. *Becker v. Automatic Garage Door Co.*, 156 Wis.

2d 409, 415, 456 N.W.2d 888, 890 (Ct. App. 1990) ("A claim for punitive damages is in the nature of a remedy and should not be confused with the concept of a cause of action." (citing *Brown v. Maxey*, 124 Wis. 2d 426, 431, 369 N.W.2d 677, 680 (1985))); *see also Weis v. Bd. of Regents of the Univ. of Wis. Sys.*, 837 F. Supp. 2d 971, 975 (E.D. Wis. 2011) ("Punitive damages, injunctions and declarations are forms of relief or remedies, not stand-alone claims, and a plaintiff's right to any one of these remedies is dependent on proof of a cognizable claim or a legal theory entitling him to such relief."). What is more, "punitive damages are not available as a remedy for breach of contract" under Wisconsin law. *Schwigel v. Kohlmann*, 2005 WI App 44, ¶ 10, 280 Wis. 2d 193, 694 N.W.2d 467 (citing *Autumn Grove Joint Venture v. Rachlin*, 138 Wis. 2d 273, 279, 405 N.W.2d 759 (Cr. App. 1987)). Consequently, the Estate's claim for punitive damages is dismissed as a separate cause of action, but the Estate may seek punitive damages as a remedy in the event that the court reaches the bad faith claim following resolution of the breach of contract claim.

## CONCLUSION

For the foregoing reasons, Transamerica's motion to dismiss (ECF No. 13) is **GRANTED-IN-PART and DENIED-IN-PART**, and Count III (misrepresentation) and Count IV (punitive damages) of the complaint are **DISMISSED**. All discovery and litigation with regard to Count II (bad faith) is **STAYED** pending resolution of Count I (breach of contract). In the event the court reaches the Estate's bad faith claim following resolution of the breach of contract claim, the Estate may pursue punitive damages as a remedy.

**SO ORDERED** this 6th day of July, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court